IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. _____

LAUREN MONTGOMERY,             )
                               )
       Plaintiff,              )
                               )
    vs.                        )
                               )
                               )
SEDGWICK CLAIMS MANAGEMENT     )
SERVICES, INC.; and THE PLAN   )
FOR GROUP INSURANCE,           )
                               )
       Defendants.             )

## COMPLAINT

### PRELIMINARY STATEMENT[1]

Lauren Montgomery ("Plaintiff") brings this ERISA action against Sedgwick Claims Management Services, Inc. ("Sedgwick") and The Plan for Group Insurance (the "Plan"), to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which Plan is administered by Sedgwick. Ms. Montgomery is covered under the Plan by virtue of her employment with Verizon Wireless Services, LLC and Cellco Partnership D/B/A Verizon Wireless ("Verizon"), the sponsor of the Plan.

### PARTIES

1. Plaintiff is a citizen and resident of North Carolina.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

2. Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") is a properly organized business entity doing business in the state of North Carolina.

3. Defendant The Plan for Group Insurance is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Verizon sponsored and maintained the Plan. Verizon is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of the denial of benefits to Plaintiff in this district and Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of her employment with Verizon.

7. The Plan offers long-term disability ("LTD") benefits.

8. Under the terms of the Plan, Defendant Sedgwick administers the Plan and has authority to grant or deny benefits.

9. Defendant Sedgwick has a fiduciary obligation to Plaintiff to administer the Plan fairly and to determine benefits according to the terms of the Plan.

10. Plaintiff is a 37-year-old woman who worked for Verizon as a Business Account Manager for approximately nine years until on or about November 1, 2020. On that date, Plaintiff's impairments became so severe that she could no longer work, and she was forced to leave her employment.

11. During her employment, Plaintiff began suffering from multiple medical conditions, including COVID-19 infections that required successive 14-day quarantine periods based on then-existing CDC guidelines, which made her unable to perform the essential functions of her occupation or any occupation.

12. Plaintiff applied to Defendant Sedgwick and the Plan for short-term disability ("STD") benefits and submitted medical information from eligible health care providers showing that she was totally disabled. Sedgwick denied Plaintiff's initial claim for STD benefits.

13. Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of Defendant Sedgwick's denial of STD benefits. She submitted additional information to show that she was totally disabled and unable to work for the entire 26-week STD benefit period.

14. On or about May 21, 2021, in conjunction with an appeal for her STD benefits, Sedgwick granted Plaintiff's claim for STD benefits for approximately six weeks and denied Plaintiff's claim for STD benefits beyond December 15, 2020.

15. Thereafter, on July 15, 2021, after Plaintiff had briefly attempted to return to work and then remained on an unpaid leave of absence, Plaintiff called Sedgwick and made a claim for

long-term disability ("LTD") benefits due to her continued inability to perform the essential functions of her occupation or any occupation.

16. When Plaintiff called Sedgwick and made her claim for LTD benefits, Defendant Sedgwick's representative denied Plaintiff's LTD claim telling her that because her STD benefit claim had not been approved for the entire 26-week STD benefit period, she did not qualify for LTD benefits and she was not eligible to apply for LTD benefits. Sedgwick's representative issued this denial without requesting, obtaining, or reviewing any of Plaintiff's medical records or other information related to her disabling conditions. Relying on this representation from Sedgwick's representative, Plaintiff was unable to submit a written claim for LTD benefits.

17. Sedgwick failed to provide Plaintiff a written LTD benefit denial letter, nor did Sedgwick provide Plaintiff information required by ERISA 29 U.S.C. § 1133 (ERISA § 503); 29 C.F.R. § 2560.503-1(g) explaining the specific reasons for the denial, the Plan provisions on which the denial was based, or the Plan's appeal procedures.

18. Plaintiff's employment with Verizon ended on or around July 21, 2021.

19. Under the ERISA claims regulation (29 C.F.R. §2560.503-1), because Defendants refused to abide by the claims regulations, Plaintiff is entitled to pursue her claims in court without regard to any administrative process under the Plan.

20. Alternatively, to the extent required under law, Plaintiff exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132. Any further pursuit of administrative remedies by Plaintiff would have been futile because, among other things, Defendants (i) failed and refused to comply with ERISA regarding its administrative procedure requirements, (ii) refused to process Plaintiff's claim

despite her submission of same, and (iii) breached its fiduciary duties by misinforming Plaintiff about the administrative process and her ability to pursue benefits under the Plan.

21. Defendants have wrongfully denied LTD benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

  a. Plaintiff is totally disabled, in that she was unable to perform the essential functions of her occupation or any occupation;

  b. Defendant Sedgwick failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

  c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA § 502, 29 USC § 1132

22. Plaintiff reincorporates and realleges the allegations contained in the preceding paragraphs of the Complaint.

23. Defendants are obligated to provide long-term disability benefits pursuant to the Plan and ERISA.

24. Defendants have wrongfully denied long-term disability benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

  a. Plaintiff has been wrongfully denied long-term disability benefits;

  b. Defendant Sedgwick failed to accord proper weight to the evidence in the administrative record; and

  c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

-5-
Case 5:24-cv-00164-KDB-SCR     Document 1     Filed 07/12/24     Page 5 of 8

## SECOND CLAIM FOR RELIEF:
## BREACH OF FIDUCIARY DUTY UNDER ERISA § 502, 29 USC § 1132; AND ERISA § 404, 29 USC § 1104

25. Plaintiff reincorporates and realleges the allegations contained in the preceding paragraphs of the Complaint.

26. ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), obligates a fiduciary to discharge its duties "solely in the interest" of a plan's participants and beneficiaries and for the "exclusive purpose" of providing plan benefits and defraying reasonable expenses of the Plan.

27. ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), sets forth the "prudent expert" standard of care. An ERISA fiduciary must act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

28. Defendants have a fiduciary responsibility to administer the Plan in accordance with ERISA and the documents and instruments governing the Plan insofar as such documents are consistent with ERISA.

29. Defendants have a fiduciary duty not to materially mislead its participants and beneficiaries.

30. These ERISA fiduciary duties have been repeatedly described by the courts as "the highest known to the law."

31. Defendants breached their fiduciary duties to act prudently and in the sole interest of participants and beneficiaries when they misrepresented the terms of the Plan as described herein.

32. Defendants have unjustly enriched and profited from their fiduciary breaches to

the damage of the Plan's participants and beneficiaries, including Plaintiff, who is entitled to declaratory, injunctive, and other equitable make whole relief including, but not limited to, an order requiring Defendants to disgorge the value of the benefits unjustly withheld from Plaintiff, together with all profits attributable thereto, and such other and further relief as may be just and proper under these circumstances.

33. Amounts by which Defendants were unjustly enriched can be traced.

THIRD CLAIM FOR RELIEF:
ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

34. Plaintiff reincorporates and realleges the allegations contained in the preceding paragraphs of the Complaint.

35. Plaintiff is entitled to her attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that she is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants Plan's and Sedgwick's wrongful denial in providing long-term benefits to Plaintiff;

4. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

5. Enter an award for such other and further relief as may be just and appropriate.

Dated this 12th day of July 2024.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Hannah Auckland*
Bryan L. Tyson (N.C. Bar. No. 32182)
Hannah Auckland (N.C. Bar. No. 35953)
Marcellino & Tyson, PLLC
2200 East 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Lauren Montgomery**